# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER BILOZUR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3707** |
| **ROYAL DAIQUIRI'S INC., EDISON CHOUEST OFFSHORE, L.L.C., NORTH AMERICAN SHIPBUILDING, L.L.C. AND ABC INSURANCE COMPANY** | **SECTION: "C"** |

## ORDER AND REASONS

Before this Court is a Motion for Summary Judgment filed by Alea London Ltd. ("Alea"). Defendant, Royal Daiquiri's Inc. ("Royal Daiquiri's") and plaintiff, Peter Bilozur ("Bilozur") oppose the motion.  The motion is before the Court after oral argument.  Having considered the memoranda of counsel, the record, the arguments and the applicable law, the Court finds that Alea's Motion for Summary Judgment is **DENIED**.


## I. BACKGROUND

Peter Bilozur ("Bilozur") began his employment with Edison Chouest Offshore, L.L.C. ("ECO") on May 9, 2005, with his first hitch on the M/V SEACOR RELIANT.  He disembarked from the vessel on June 7, 2005.  From June 7, 2005 to June 10, 2005 at 5:30 p.m. Bilozur participated in a free training program at the ECO facility.

After the class ended on Friday, June 10, 2005, Bilozur went to Royal Daiquiri's. He

states that he was there to have dinner and plan a fishing trip with a friend and that he arrived at Royal Daiquiri's at about 5:30 p.m. and by 11:00 p.m. he had consumed about four beers and one-half a shot of liquor.  The facts are disputed as to what happened next.  Bilozur claims that around 11:00 p.m. he felt that there was a hostile environment at Royal Daiquiri's and decided to leave.

When Bilozur left the bar, he got in his car and then backed into another car in the parking lot.  Then he went back into the bar to find out who owned the other vehicle. Supposedly, the damaged car was owned by Lorell Danos, a woman with whom Bilozur had trouble earlier in the night.  The police arrived and charged Bilozur with reckless operation of a vehicle.  However, he did not leave the bar at this point.  He elected to stay and, some time thereafter, he was allegedly hit from behind in the neck.  He did not see what happened.  He claims that when he awoke his neck was severely twisted.  Bilozur also claims that Danos then put her shoe in his face and threatened him.  He was subsequently transported to the hospital. When he finally arrived at Charity Hospital in New Orleans, Louisiana, the doctors discovered that his neck was broken and he is now a quadriplegic.

Bilozur instituted this suit for his injuries against Royal Daiquiri's, ECO, NAS and Alea. Bilozur claims that Royal Daiquiri's was negligent for failing to maintain a safe establishment including removing dangerous patrons from the establishment, failing to provide proper security, failing to warn plaintiff concerning dangerous patrons, serving dangerous and violent patrons excessive alcohol, and for liquor license violations. Bilozur also sued Royal Daiquiri's insurer, Alea.  Royal Daiquiri's and ECO filed cross-claims against Alea for indemnification.  Alea has filed a motion for summary judgment in which it alleges that there is no coverage for assault and

battery under Royal Daiquiri's policy.  Royal Daiquiri's and Bilozur oppose the motion.


## II. ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Alea has moved for summary judgment, claiming that Royal Daiquiri's insurance policy does not cover Bilozur's alleged injuries due to the assault and battery exclusion.  Royal Daiquiri's and Bilozur disagree.

Under Louisiana law, interpretation of an insurance policy is subject to the general rules of contract interpretation which requires judicial determination of the common intent of the parties to the contract.  *Thermo Terratech v. GCD Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir. 2001) (citing *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 630 So.2d 759, 763 (La. 1994)).  "The intent of the parties, 'as reflected by the words in the policy[,] determine[s] the extend of the coverage.'" *Id.* (quoting *Louisiana Ins. Guar. Ass'n*, 630 So.2d at 763).  In addition, an insurance contract must be interpreted as a whole." *FDIC v. Booth*, 82 F.3d 670, 674 (5th Cir. 1996).

Exclusions to coverage must be clear and express.  See, *Thermo Terratech,* 265 F.3d at 334 (citing *Ogima v. Rodriguez*, 799 F.Supp. 626, 630 (M.D.La. 1992)).  "When the language of an insurance policy is clear, it must be enforced as written." *Id.* (citing *Reynolds v. Select Props., Ltd.*, 634 So.2d 1180, 1183, 92-1480 (La. 4/11/1994)).  "If however, the terms of the policy are ambiguous, they must be construed against the drafter of the policy," i.e. the insurer. *Id.* (citing *Oaks v. Dupuy*, 653 So.2d 165, 26,729 (La. App. 2 Cir. 4/5/95)).  Therefore, if an exclusionary clause is susceptible to more than one reasonable interpretation, the Court must adopt the interpretation providing coverage to the insured.  See, *Id.* at 334-35 (citing *Talley v. Blue Cross Blue Shield of La.,* 760 So.2d 11903, 1195, 99-1974 (La. App. 3 Cir. 5/3/2000)).

Assault and battery exclusions are common in the general liability insurance policies of bars and other establishments.  *Hickey v. Centenary Oyster House*, 719 S.2d 421, 423, 1997-

1074 (La. 10/20/98) (citing Kimberly J. Winbush, *Validity, Construction, and Effect of Assault and Battery Exclusion in Liability Insurance Policy at Issue*, 44 A.L.R. 5th 91 (1996)).  Louisiana courts routinely uphold these exclusions if they are unambiguous.  See, *Taylor v. Duplechain*, 469 So.2d 472 (La. App. 3 Cir. 1985); *Cortinez v. Handford*, 490 So.2d 626 (La. App. 2 Cir. 1986); *Gonsalves v. Dixon*, 487 So.2d 644 (La. 4 Cir. 1986); *Kiefer v. Whittaker*, 468 So.2d 587 (La. App. 4 Cir. 1985).

The exclusion in question says that:

> Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:
>
> 1)   Assault and battery, whether caused by or at the instruction of, or at the direction of, or negligence of the insured, or his employees; and
>
> 2)   Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery.

Alea argues that the two paragraphs are independent of each other, and therefore, that Bilozur's claims that Royal Daiquiri's: (1) failed to maintain a safe establishment, including removing dangerous patrons; (3) failed to provide proper security and protection; and (3) failed to warn plaintiff concerning dangerous and violet patrons, all pertain to employee negligence which led up to the assault and battery.  As such, Alea argues that it is not liable to Bilozur or to indemnify Royal Daiquiri's.  This would be correct if only paragraph (1) is applicable.

Bilozur reads the exclusion as requiring an assault and/or battery resulting from employee negligence and also negligence in hiring, supervision or control on the part of Royal

Daiquiri's.  He claims that the two subdivision are conjunctive.

None of the assault and battery exclusions interpreted in the jurisprudence are exactly the same as the one at issue here.  The Court agrees that the word "and" rather than "or" is conjunctive and indicates both paragraphs need to be applicable to trigger the exclusion.  This is reinforced by the last phrase of paragraph (2) which references back to the assault and battery in paragraph (1).  At best the paragraphs are ambiguous and any ambiguity is construed against the drafter.

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Alea's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 22nd day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE