UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER BILOZUR                                                                CIVIL ACTION

VERSUS                                                                            NO. 05-3707

ROYAL DAIQUIRI'S, INC. EDISON                                    SECTION: "C"
CHOUEST OFFSHORE, L.L.C., NORTH
AMERICAN SHIPBUILDING, L.L.C. AND
ABC INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Alea London Ltd. ("Alea") (Rec. Doc. 91).  Plaintiff, Peter Bilozur ("Bilozur"), and defendant, Royal Daiquiri's Inc. ("Royal Daiquiri's"), oppose the motion.  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Alea's Motion for Reconsideration is **DENIED**.

I. BACKGROUND

Bilozur instituted this suit for injuries that he allegedly received at Royal Daiquiri's against Royal Daiquiri's, Alea, Edison Chouest Offshore, L.L.C. and North American Shipbuilding, L.L.C.  Bilozur claims that Royal Daiquiri's was negligent for failing to maintain a safe establishment including removing dangerous patrons from the establishment, failing to provide proper security, failing to warn plaintiff concerning dangerous patrons, serving

dangerous and violent patrons excessive alcohol, and for liquor license violations. Bilozur also sued Royal Daiquiri's insurer, Alea. Royal Daiquiri's and ECO filed cross-claims against Alea for indemnification. Alea filed a motion for summary judgment in which it alleges that there is no coverage for assault and battery under Royal Daiquiri's policy. The Court denied that motion, finding that the exclusion was not triggered. Alea disagrees with the Court's decision and has filed this motion to reconsider.

## II. ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See, *Id.* The Court denied Alea's Motion for Summary Judgment on November 27, 2006. Alea filed its Motion for Reconsideration on December 4, 2006, within 10 days after the Court's ruling.

Therefore, Rule 59(e) governs Alea's Motion for Reconsideration. In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Here, Alea argues that this Court committed a clear and manifest error of law. According

to Alea, the Court failed to consider *Anglo American Insurance Company, Ltd. v. Shooters at Indian Point, Inc.,* 959 F.Supp. 115 (D.R.I. 1997), in which the court interpreted a similar assault and battery exclusion. Alea argues that this Court must reach the same conclusion as the *Shooters* court.

In *Shooters*, the United States District Court for the District of Rhode Island interpreted an assault and battery exclusion which provided that:

> Notwithstanding anything to the contrary, it is understood and agreed that this policy excludes claims arising out of:
> 1) Assault and Battery, whether caused by or at the instruction of, or at the direction of or negligence of the insured, his employees, patrons, or *any causes whatsoever* and;
> 2) Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to, or accounted for the assault and battery.

*Shooters,* 959 F.Supp. at 116 (emphasis added). The court found that, despite the use of the word "and" rather than "or," the two subparagraphs had to be read in the disjunctive or else the phrase "any causes whatsoever" would be rendered meaningless.

Similarly, Alea argues that the two subparagraphs of the assault and battery exclusion in Royal Daiquiri's policy must be read in the disjunctive. Royal Daiquiri's assault and battery exclusion provides that:

> Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:
> 1) Assault and Battery, whether caused by or at the instruction of, or at the direction of, or negligence of the insured, or his employees; and
> 2) Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or

3

accounted for the assault and battery.

See, Rec. Doc. 45.  According to Alea, unless the two subparagraphs are read in the disjunctive, despite the use of "and" rather than "or," the phrase "it is understood and agreed that this policy excludes claims arising out of: Assault and Battery, [. . .]" would be rendered meaningless.

The Court disagrees.  The phrase "it is understood and agreed that this policy excludes claims arising out of: Assault and Battery" cannot be taken out of context of the rest of the exclusion.  Alea attempts to have the Court ignore that the words "Assault and Battery" are part of the first subparagraph, not part of the general introduction.  Reading the word "and" in the conjunctive does not render anything meaningless, but rather, it limits the application of the exclusion.

Furthermore, the result of the *Shoorters* case does not dictate the result here.  First, the exclusion in that case is not identical to the one currently at issue.  The *Shooters* court's decision hinged on the phrase "any cause whatsoever." That language is not present in the exclusion in Royal Daiquiri's insurance policy.  Secondly, that case is from the District of Rhode Island and is not binding on this Court.

As stated in this Court's denial of Alea's motion for summary judgment, exclusions to coverage must be clear and express. See, *Thermo Terratech,* 265 F.3d at 334 (citing *Ogima v. Rodriguez*, 799 F.Supp. 626, 630 (M.D.La. 1992)).  If however, the terms of the policy are ambiguous, they must be construed against the drafter of the policy," i.e. the insurer. *Id.* (citing *Oaks v. Dupuy*, 653 So.2d 165, 26,729 (La. App. 2 Cir. 4/5/95)).  Therefore, if an exclusionary clause is susceptible to more than one reasonable interpretation, the court must adopt the interpretation providing coverage to the insured.  See, *Id.* at 334-35 (citing *Talley v. Blue Cross*

*Blue Shield of La.,* 760 So.2d 11903, 1195, 99-1974 (La. App. 3 Cir. 5/3/2000)).  Thus, the Court declines to revisit its decision.   At best the paragraphs are ambiguous and any ambiguity is construed against the drafter.

**III. CONCLUSION**

       For the reasons stated above,

       IT IS ORDERED that Alea's Motion for Reconsideration is DENIED.

       New Orleans, Louisiana this 27th day of December, 2006.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE