UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER BILOZUR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3707** |
| **ROYAL DAIQUIRI'S INC., EDISON CHOUEST OFFSHORE, L.L.C., NORTH AMERICAN SHIPBUILDING, L.L.C. AND ABC INSURANCE COMPANY** | **SECTION: "C"** |

## ORDER AND REASONS

Before this Court is a Motion for Summary Judgment filed by North American Shipbuilding, L.L.C. ("NAS"). Plaintiff, Peter Bilozur ("Bilozur") does not oppose the motion. The motion is before the Court, on the briefs, without oral argument. Having considered the memorandum of counsel, the record, the arguments and the applicable law, the Court finds that NAS's Motion for Summary Judgment is **GRANTED**.

In his complaint, Bilozur alleges that the various defendants are liable for the injuries that he allegedly suffered while patronizing Royal Daiquiri's. At the time of the alleged incident, Bilozur was an employee of Edison Chouest Offshore, L.L.C. ("ECO"), who was staying at NAS's housing facility.[1] On the night of June 10, 2005, Bilozur went to Royal Daiquiri's where he was allegedly attacked by another bar patron and sustained the injuries which rendered him a

---

[1] ECO offered free housing for its off-duty employees at NAS's housing facility when room was available.

quadriplegic. He filed this suit, claiming that NAS, an innkeeper, was liable to him, an invitee, for its failure to warn him of the danger at Royal Daiquiri's and for its failure to protect him.

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

Here, NAS claims that there is no genuine issue of material fact regarding whether it

owed a duty to Bilozur. Bilozur alleges that NAS is liable to him because NAS: (1) failed to warn him about the dangerous nature of Royal Daiquiri's; (2) failed to take proper steps to ensure his safety while he was an invited guest at NAS; and, (3) failed to warn him to avoid Royal Daiquiri's. NAS argues that it did not owe Bilozur any of the named duties because Royal Daiquri's is not on or adjacent to NAS's property and Bilozur's injuries were allegedly caused by the unanticipated criminal conduct of an independent third party.

Louisiana applies a duty-risk analysis to assess a party's tort liability. Under the duty/risk analysis, the plaintiff must prove that: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element; and, (5) the plaintiff was damaged (the damages element). *Westchester Fire Ins, Co. v. Haspel-Kansas Investment Partnership*, 342 F.3d 416, 419 (5th Cir. 2003) (citing, *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002)).

In this case, NAS asserts that it does not have any of the duties that Bilozur alleges. NAS's relationship with Bilozur was that of innkeeper and invitee. Under Louisiana law, an innkeeper has a duty to take reasonable actions to reduce the risk of injury to guests present on its property and adjacent property over which the innkeeper has sufficient control. See, *Banks v. Hyatt Corp.*, 722 F.2d 214, 226-27 (5th Cir. 1984). However, this duty does not extent to properties that are not within the innkeeper's control. See, *Hollander v. Days Inn Motel*, 705 So.2d 1126, 1128, 97-805 (La. App. 3 Cir 12/10/97) (finding that the innkeeper did not owe a

duty to protect its guests from dangers 150 yard off of its premises).  Royal Daiquiri's is not on or adjacent to NAS's property and it is not affiliated with NAS in any way.  Therefore, NAS did not owe Bilozur any duty to protect him from the harm that allegedly occurred at Royal Daiquiri's.

### III.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that NAS's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this 9th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE